| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**LAW OFFICES OF MICHAEL McLAUGHLIN, LLC**<br>72 West End Avenue<br>Somerville, New Jersey  08876<br>Phone:  (908) 393-0890<br>Fax:  (908) 393-1864<br>Counsel for S.P. Richards Company<br>**MICHAEL McLAUGHLIN (MM-8785)** | Chapter 7 |
| In Re:<br><br><br>**SUNEET ARORA and JANET ARORA,**<br><br>Debtors. | Case No. 14-28073(MBK)<br><br>Honorable Michael B. Kaplan |
| **S.P. RICHARDS COMPANY**,<br><br>Plaintiff,<br><br>v.<br><br>**SUNEET ARORA and JANET ARORA**,<br><br>Defendants. | Adv. Pro. No.: |

**COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE PURSUANT TO**
**11 U.S.C. §727(a)(4)(A), §§727(a)(3),727(a)(5) AND §§727(a)(2)(A)**

Michael McLaughlin, counsel for S.P. Richards Company, a creditor of the Debtor, by and through counsel Law Offices of Michael McLaughlin, LLC, by way of Complaint against Defendants states:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. 1334(b).

2. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §157.

3. This adversary proceeding is commenced pursuant to 11 U.S.C. §§727.

4. Venue is proper in this district pursuant to 28 U.S.C. §1409(a).

## PARTIES

5. S.P. Richards Company, a leading wholesale distributor of office products, is a creditor identified on the Debtor's bankruptcy petition as holding a disputed secured claim of $1.2 million. Debtors, Suneet Arora and Janet Arora, filed a Chapter 7 bankruptcy petition on September 2, 2014. Karen E. Bezner, Esq. was appointed Chapter 7 trustee.

6. Defendants, Suneet Arora and Janet Arora, Debtors reside at 15 Winding Woods Way, Freehold, New Jersey 07728.

## GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

7. Debtors are 100% equity owners of Advanced Office Software, LLC ("AOS"), a company formed in May of 2009 and continue to operate that entity.

8. The Debtors reside at 15 Winding Woods Way, Freehold, NJ. The residence was purchased in January 2007 for $1,283,898. The home, of nearly 6,000 square feet situated on 3.56 acres is subject to a purchase money mortgage of Bank of America in the original amount of $992,637.00. The monthly payment on the first mortgage to Bank of America loan in 2013 was for $8,370.00 including principal and interest of $6,355.96, plus real estate taxes. The debtors defaulted on the mortgage in July 2014, a few months prior to the filing of their Chapter 7 bankruptcy petition on September 2, 2014.

9. Creditor S.P. Richards holds a second mortgage in excess of $1.2 million against the Winding Woods Way, Freehold, NJ property. Creditor, TD Bank is listed as the holder of a

third mortgage for $183,000 against the debtors' residence. Nonetheless, TD filed an unsecured Proof of Claim for $358,480.77.

10. The claims of S.P. Richards against Suneet Arora and Janet Arora derive from two contractual agreements. The first are obligations under a promissory note with Action Office Supplies, Inc. that was personally guaranteed by both Debtors.

11. On August 27, 2010, the Debtors and Action Office Supplies, Inc. executed and delivered a promissory note recognizing an obligation of $1,040,421.28 with interest at 5.25%.

12. The defendants, thereafter, defaulted upon the payment schedule and at the time of filing of the case by S.P. Richards in the U. S. District Court of New Jersey, owed a balance of $694,411.88, plus additional interest and counsel fees.

13. In addition, Action Office Supplies, Inc. and personal guarantors, Suneet Arora and Janet Arora owe S.P. Richards $591,540.33 for goods sold and delivered. The claims against the Aroras individually arise from their personal guarantee for the debt of the corporate defendant, Action Office Supplies, Inc.

14. On December 23, 2013, litigation was filed by counsel to S.P. Richards Company in the United States District Court for the District of New Jersey, S.P. Richards Company vs. Suneet Arora and Janet Arora and Action Office Supplies, Inc., Civil Action No. 13-CB-07768-MLC-LHG seeking to recover the amount of $1,285,952.21 plus interest and counsel fees and costs.

15. The Chapter 7 filing by individual defendants on September 2, 2014 stayed the prosecution of claims against the Aroras.

16.     The debtors testified at their 341 Meeting of Creditors on October 8, 2014 and at a Bankruptcy Rule 2004 Examination conducted by counsel for S.P. Richards on January 30, 2015.

17.     The documents demanded for the 2004 Examination included the debtors joint personal tax returns for years 2010-2013. The tax returns disclosed adjusted gross income as follows:

2010- $92,672

2011- $91,847

2012- $59,290

2013- $ 2,541

Despite the annual decline in business and personal income, Suneet Arora on November 13, 2012 leased a new BMW 750XI though Action Office Supplies, Inc. at a monthly payment of $999.00 with an initial down payment of $4,950.00[1].

18.     The debtors' Chapter 7 Petition Schedule "I" indicates Mr. Arora is employed as an independent consultant in Advanced Office Software, LLC. Schedule "I" and the B-22C Means Test state that the Aroras, at the time of filing of the case supported their household with a $1,300 Social Security payment received monthly by Janet Arora and $700 classified as interest and dividends.

19.     Line 4 of B-22C Statement discloses monthly gross receipts of $60,000 and ordinary and necessary business expenses of $59,300 with a $700 excess amount referenced on

---

[1] The vehicle has been surrendered and BMW has filed a proof of claim on the Suneet Arora guarantee for $67,934.11.

Schedule "I". Testimony at the creditor's meeting and at the Rule 2004 Examination confirmed that the net income of $700 derives from Advanced Office Software, LLC.

20. The Summary of the Debtors' Schedules indicates total secured claims of $2,283,000 including the Bank of America, TD Bank and S.P. Richards liens. The Summary further indicates total unsecured non-priority claims of $421,400.

21. In contrast to the enormous amount of secured and unsecured debt, the debtors' disclosure of personal property is valued in the aggregate amount of $28,100. No amount is listed for the first mortgage payment. If this expense were included, the Debtors' monthly budget would be $(-)8,970.

22. The Statement of Financial Affairs makes no disclosure as to year-to-date income for calendar year 2014 in question 1. The debtors' response was left blank with the only statement that $2,540 was received as 2013 gross income.

23. At the Rule 2004 Examination, Suneet Arora testified that as an independent consultant for Advanced Office Software, he receives a K-1 and draws funds at the end of the year. Advanced Office Software "AOS" is listed on the debtors' bankruptcy petition on Schedule "C" as exempt with a "Zero" value. The Debtors have not supplied K-1 documents for income earned from AOS in 2014.

24. In connection with this adversary proceeding, debtor S.P. Richards will subpoena production of the debtors' personal income tax return for 2014 and the Advanced Office Software 2014 business tax return.

25. The debtors' Chapter 7 discloses ownership of multiple business entities in question 18, Statement of Financial Affairs. Most of these companies are no longer operating,

including Action Office Supplies, Inc., Action Office Interiors, Inc., Ultimate Office Supply, LLC, Fortune Web Marketing, LLC, PMS Group, LLC.

26. Testimony at the 2004 Examination related to the entity Action Office Supplies, Inc. was that operations had ceased in August 2013. Oddly, bank records show a transfer for $8,300 on April 15, 2014 to Action Office Supplies, a similar amount to the debtors' monthly home mortgage payment.

27. On February 25, 2015, creditor S.P. Richards filed an Objection to Debtors' Objections under Bankruptcy 4003 and 11 U.S.C. 522(d). The Objection was listed for initial hearing on March 30, 2015, and adjourned to April 7, 2015.

28. The debtors' Schedule "C" Property Claimed as Exempt, seeks to exempt the full value of Advanced Office Software, LLC under 11 U.S.C. 522(d) (5), listing exemption value as zero and the current market value of the entity as zero. An Order entered on April 15, 2015 allowed an exemption of "0" for the Debtors' membership interest in AOS preserving Debtors' right to amend the schedules.

29. S.P. Richards argued that any claimed exemption for AOS and that the entity is a property of the bankruptcy estate under 11 U.S.C. 541 that should be administered by the Chapter 7 trustee, Karen Bezner.

30. At the Bankruptcy 2004 Examination the debtor was questioned about a Profit and Loss statement for AOS through November 2014, showing sales of $518,986.52 through November 2014 with a gross profit of $241,306.00 prior to expenses of operating the business.

31. The S.P. Richards Bankruptcy Rule 2004 Examination Subpoena demanded a balance sheet for AOS. To date, despite written demand in the 2004 subpoena and a follow up letter from S.P. Richards' counsel dated February 11, 2015, none has been produced.

32. Suneet Arora has testified that AOS, sells products through Dealer Commander and Dealer Commander Light that enable customers to sell products through a website and buy from office products wholesalers through an automated, electronic data interchange process. The products provide websites for customers and an operating system to run their business. AOS customers sell products from their website after purchasing from their wholesalers through the automated system.

33. Suneet Arora testified that an Indian company, Sparken, IT, LTD was the database designer while AOS licenses the actual technology re-bundled under the AOS brand and sold to its customers. The AOS customer agreements do not specifically mention that Sparken owns the technology.

34. Under an agreement with Sparken IT, LTD, debtor has testified that the contract requires a minimum of $200,000.00 payment to Sparken on an annual basis.

35. At the Rule 2004 Examination, Suneet Arora was questioned about multiple contracts with his clients that required customization of the software and generated substantial revenue for AOS.

36. Suneet Arora further testified that of the AOS customers, more than 25 customers, but less than 50 customers currently pay maintenance fees to AOS that is an ongoing source of revenue.

37. Suneet Arora testified in connection with examination of multiple bank statements of AOS, that the multiple wire transfers were all "inter-company" transactions and made a categorical statement that transactions on AOS bank statements showing wire transfers to India were payments to Sparken.

38. The Sparken agreement was executed in December 2012. Since that time gross receipts and sales of AOS have more than doubled from $222,293.00 in 2010 to $478,284.00 in 2013.

39. The AOS Profit and Loss through November 2014 shows gross receipts or sales of $518,986.52. AOS appears to be a vibrant entity as a going concern whose business trend is toward increased revenue and sales and higher total income.

40. Debtors' disclosure that their 100% membership interest in AOS has a market value of "zero" is a false and seriously misleading representation.

41. AOS has value, is a going concern, may be available to liquidate, or be repurchased by the debtors to generate proceeds for a distribution to creditors. At the end of 2013, where AOS and Sparken were to meet for the first annual review, Mr. Arora failed to recall what happened at the meeting. Nonetheless, his testimony was that in excess of $200,000 in license fees was paid to Sparken during the first year of the contract.

**Intellectual Property Owned by Debtor or One of Their Affiliated Entities**

42. On or about February 15, 2011, Suneet Arora contacted S.P. Richards Company to solicit their interest in purchasing certain intellectual property consisting of registered domain names that he stated were offered for sale in a bundled package for $1.3 million.

43. Suneet Arora presented a PowerPoint sales offering to various representatives of S.P. Richards that he described as "keyword rich domain names". A representation was made that he or one of the affiliated companies, had ownership and control of the domain names. The pricing for the domain names was based upon expected revenue to be generated within each state for the office products industry and the "organic value" of the keywords that could be spent for paid ads which a dealer would have to incur other expenses.

44. The naming conventions were as follows:

Officesuppliesstateabbreviation.com  (49 names)  example: officesuppliesal.com

Statenameofficesupplies.com  (27 names)  example: floridaofficesupplies.com

Officesuppliesstatename.com  (47 names)  example: officesuppliesalabama.com

45. Suneet Arora represented that he or some of his affiliated companies owned each of these domain names as assets and he had title that he could transfer to S.P. Richards if they were interested in making the purchase.

46. S.P. Richards' technology department in April of 2015 researched the current ownership of three of the domain names included within the 123 that were offered for sale to determine current ownership. The result of a limited inquiry was that an entity, Privacy Protection Service, Inc. based in Queensland, Australia is the current owner of "officesuppliesoregon.com", "officesuppliessal.com" and "floridaofficesupplies.com". It further appears that re-registration activity for some of these names had occurred in March 2015 and at earlier times.

47. Upon information and belief, these potential assets represented to be of substantial value in the sales presentation of Suneet Arora at one time were owned individually by the

Aroras or by Action Office Supplies, Inc., Advanced Office Software, LLC, or some of the other affiliated entities.

### Suspicious Financial Transactions Undertaken by Debtors

48. At the 2004 Examination on January 30, 2015, testimony of Janet Arora revealed multiple transactions within a year prior to bankruptcy that potentially could be challenged as fraudulent transfers or as preferential payments. In some instances, an explanation for the transactions made no sense or was incomplete.

49. On August 26, 2014, a mere seven days prior to the bankruptcy filing, Janet Arora withdrew $10,000.00 from a TD Ameritrade account. The explanation provided was that the payment was for "state payroll, 941 tax debt". Ms. Arora could not recall specifically whether she made a check out directly to the IRS after depositing these funds in a personal account.

50. On May 20, 2013, from an Investors Bank savings account held jointly by Janet Arora her son Seth Schulman the precise reason for a $10,000.00 loan was not recalled by the Debtors.

51. On April 6, 2014, Janet Arora issued a check for $9,522.00 to Mt. Zion Cemetery. The transaction was explained as a requirement to maintain gravesites for her mother and father. The Debtor explained that inheritance received was specifically to be used to pay Mt. Zion Cemetery. This transaction occurred within six months of the Chapter 7 filing.

52. From a First Commerce bank account maintained jointly with Suneet Arora within one year of the bankruptcy filing, payments were made to a Rena Aggarwal, Suneet Arora's sister aggregating $29,000.00 to repay a loan. The transfer consisted of check #183 dated October 4, 2013 for $10,000.00; check #185 dated October 11, 2013 for $10,000.00; check #186 dated October 25, 2013 for $5,000.00; and check #228 dated November 21, 2013 for

$4,000.00. The Debtors' Chapter 7 Bankruptcy Petition makes no disclosure of these transfers in paragraph 3(c) of the Statement of Financial Affairs. Suneet Arora falsely testified at the 341 meeting of creditors on October 8, 2014 that no payments were made to relatives within a year of the Chapter 7 filing.

53. On May 1, 2014, approximately 90 days prior to the bankruptcy, Debtor Janet Arora and her son, Seth Schulman were joint holders of a bank account at Investors Savings Bank for the sum of $26,076.54. Janet Arora failed to explain the purpose of a withdrawal of $8,458.70 on June 16, 2014 and a June 9, 2014 withdrawal of $2,300.00. Debtor admitted that co-account holder Seth Schulman had not deposited funds into the Investors Savings Bank account since her social security check and other deposits were made by her.

54. Debtor, Janet Arora had no recollection whatsoever of certain transactions in the 30 days prior to filing of the Chapter 7 case from the Investors Savings Bank account, one consisting of $8,600.00 transfer on August 5, 2014, and the second consisting of a transfer of $2,000.00 on August 14, 2014.

## FIRST COUNT

### False Oath in Connection with the Case

55. Plaintiff repeats the allegations within paragraphs 1 through 54 of this complaint and makes same part hereof as fully set forth herein.

56. The Debtors have knowingly and fraudulently made false oaths in connection with their bankruptcy case

**WHEREFORE,** for all the foregoing reasons, the trustee requests an order denying the discharge of Debtors Suneet Arora and Janet Arora under 11 U.S.C. §727(a)(4)(A).

## SECOND COUNT

### Objection to Discharge Under 11 U.S.C. Section 727(a)(3) for Failure to Preserve Records or Financial Information

57. Plaintiff repeats the allegations contained in paragraphs 1 through 36 of the First Count of this Complaint and makes the same a part hereof as if fully set forth herein.

58. Suneet Arora and Janet Arora, in connection with their individual Chapter 7 case, failed to keep or preserve recorded information including books, documents, records and papers from which their financial condition or business transactions might be ascertained.

59. The failure of Mr. and Mrs. Arora to produce complete financial information hinders investigation of the claims or potential claims as a result of his actions individually and as an officer of AOS.

**WHEREFORE** Plaintiff demands judgment on this Count denying Debtors' discharge under 11 U.S.C. Section 727(a)(3).

## THIRD COUNT

### Failure to Satisfactorily Explain Loss of Assets or Deficiency of Assets to Meet Liabilities

60. Plaintiff repeats the allegations contained in paragraphs 1 through 24 of the First and Second Counts of this Complaint and makes the same a part hereof as if fully set forth herein.

61. In connection with the Arora Chapter 7, the Debtors have not satisfactorily explained the loss of assets and deficiency of assets to meet the liabilities incurred that are identified on the Debtors' Chapter 7 petition.

**WHEREFORE**, Plaintiff requests that a judgment be entered denying the Debtors' discharge under 11 U.S.C. §727(a)(5).

### FOURTH COUNT

### Transfer or Concealment of Propety of the Debtor
### Under 11 U.S.C. Section 727(a)(2)(A)

62. The Debtors, with intent to hinder, delay or defraud a creditor or an officer of the estate charged with custody of property of this title, have transferred, removed, destroyed, mutilated or concealed property of the Debtor in one year before the date of the filing of the bankruptcy petition.

**WHEREFORE**, Plaintiff requests that a judgment be entered denying the Debtors' discharge under 11 U.S.C. §727(a)(2)(A).

**LAW OFFICES OF MICHAEL McLAUGHLIN, LLC**

By: ___/s/   Michael McLaughlin___ .

MICHAEL McLAUGHLIN

Dated: April 28, 2015