**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
U.S. COURTHOUSE
402 E. STATE STREET
TRENTON, NEW JERSEY 08608

**Hon. Michael B. Kaplan**　　　　　　　　　　　　　　　　　　　　　　　　609-858-9360
**United States Bankruptcy Judge**　　　　　　　　　　　　　　　　　　609-989-2259 Fax

January 17, 2018

David Meth, Esq.
200 Daniels Way
Suite 240
Freehold, NJ 07728
*Attorney for Debtor-Defendants Suneet & Janet Arora*

Rosaria A. Suriano, Esq.
Carl Sorano, Esq.
Brach Eichler LLC
101 Eisenhower Parkway
Roseland, NJ 07068
*Attorney for Plaintiff S.P. Richards Company*

　　　　　　　　**Re:**　　**In re Suneet & Janet Arora**
　　　　　　　　　　　　**Case No.: 14-28073**
　　　　　　　　　　　　**Adv. Pro. No.: 15-01894**

Counsel:

　　　　This matter comes before the Court on a motion (ECF No. 80) filed by Plaintiff S.P. Richards ("SPR") seeking summary judgment in its favor as to their claims against Debtors under various sub-sections of 11 U.S.C. § 727. Specifically, SPR seeks denial of discharge based on: (1) a false oath in connection with the case under § 727(a)(4)(A); (2) Debtors' failure to preserve records or financial information under § 727(a)(3); (3) Debtors' failure to explain loss of assets under §727(a)(5); and (4) transfer or concealment of property under § 727(a)(2)(A). In the following Letter Opinion, the Court will address the first count; namely, SPR's claims under § 727(a)(4)(A) for false oath. Because, as discussed below, the Court finds that summary judgment

in favor of SPR is appropriate on this count, the Court need not address the remaining counts of the Complaint.

## I. Background

The facts of this case are well known to the parties and the Court and need not be repeated in detail here. Pertinent facts, which are undisputed and determinative of this motion, are discussed below.

## II. Summary Judgment Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). As the Supreme Court has indicated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986) (citing FED. R. CIV. P. 1). "In deciding a motion for summary judgment, the judge's function is to determine if there is a genuine issue for trial." *Josey v. John R. Hollingsworth Corp.,* 996 F.2d 632, 637 (3d Cir. 1993).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Huang v. BP Amoco Corp.,* 271 F.3d 560, 564 (3d Cir. 2001) (citing *Celotex Corp.,* 477 U.S. at 323, 106 S. Ct. 2548). In determining whether a factual dispute warranting trial exists, the court must view the record evidence and the summary judgment submissions in the light most favorable to the non-movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986). Disputed material facts are those "that might affect the outcome of the suit under the governing law." *Id.* at 248, 106 S. Ct. 2505. A

dispute is genuine when it is "triable," that is, when reasonable minds could disagree on the result. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986) (citations omitted).

"Once the moving party establishes the absence of a genuine dispute of material fact, however, the burden shifts to the non-moving party to 'do more than simply show that there is some metaphysical doubt as to the material facts.'" *In re Moran-Hernandez,* 544 B.R. 796, 800 (Bankr. D.N.J. 2016) (quoting *Matsushita,* 475 U.S. at 586, 106 S. Ct. 1348). A party may not defeat a motion for summary judgment unless it sets forth specific facts, in a form that "would be admissible in evidence," establishing the existence of a genuine dispute of material fact for trial. FED. R. CIV. P. 56(e) (providing that in response to a summary judgment motion the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine [dispute] for trial"). *See also Fireman's Ins. Co. of Newark, N.J. v. DuFresne,* 676 F.2d 965, 969 (3d Cir. 1982); *Olympic Junior, Inc. v. David Crystal, Inc.,* 463 F.2d 1141, 1146 (3d Cir. 1972). If the nonmoving party's evidence is a mere scintilla or is not "significantly probative," the court may grant summary judgment. *Liberty Lobby, Inc., supra,* 477 U.S. at 249–250, 106 S. Ct. 2505. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita,* 475 U.S. at 587, 106 S. Ct. 1348.

### III.     Discussion of 11 U.S.C. § 727(a)(4)(A)

Section 727(a)(4) provides that the Court shall grant a debtor a discharge unless "the debtor knowingly and fraudulently, in or in connection with the case—made a false oath or account." A

3

party objecting to discharge based on § 727(a)(4)(a) must prove an "actual intent on the part of the bankrupt to hinder, delay, and defraud his creditors." *In re Georges*, 138 F. App'x 471, 472 (3d Cir. 2005) (internal citation omitted). "Whether a debtor has made a false oath within the meaning of § 727(a)(4)(A) is a question of fact" and "[t]he objecting party has the burden of proof by a preponderance of the evidence." *In re Park*, No. 13-34203, 2016 WL 693492, at *3 (D.N.J. Feb. 18, 2016), *aff'd,* 682 F. App'x 88 (3d Cir. 2017) (citations omitted). Specifically, the moving party must show that: (1) the debtor made a false oath in connection with the case; (2) the oath related to a material fact; (3) the oath was made knowingly; and (4) the oath was made fraudulently. *See In re Kennedy*, 566 B.R. 690, 720 (Bankr. D.N.J. 2017) (citing *In re Retz*, 606 F.3d 1189, 1197 (9th Cir. 2010)).

### A. **Debtors Made a False Oath**

Federal Rule of Bankruptcy Procedure 1008 provides that "[a]ll petitions, lists, schedules, statements, and amendments thereto shall be verified or contain an unsworn declaration as provided in 28 U.S.C. § 1746."[1] "An 'oath' under § 727(a)(4)(A) of the Bankruptcy Code therefore includes the unsworn declarations contained in the petition." *In Re Corona*, No. 08-15924 (DHS), 2010 WL 1382122, at *7 (D.N.J. Apr. 5, 2010) (collecting cases); *see also In re Kennedy*, 566 B.R. at 720 n.156 ("Signing the petition and certifying that the statements therein are true under penalty of perjury constitutes an oath under [§ 727(a)(4)(A)]") (citations omitted). A material omission can also be a false oath. *See In re Kennedy*, 566 B.R. at 720; *In re Herchakowski*, No. ADV 11-1679, 2013 WL 620291, at *5 (Bankr. D.N.J. Feb. 19, 2013), *supplemented,* No. 10-49287, 2013 WL 1867991 (Bankr. D.N.J. Apr. 29, 2013).

---

[1] Section 1746 of the United States Code states that "unsworn declarations are equivalent to a verification under oath if the declarant states in writing that the information is true under penalty of perjury." 28 U.S.C. § 1746 (2006); *see also In Re Corona*, No. 08-15924 (DHS), 2010 WL 1382122, at *7 n.14 (D.N.J. Apr. 5, 2010).

In its motion, SPR asserts that Debtors have made "several false oaths." For purposes of this Letter Opinion, the Court will focus on Debtors' omission of their ownership interest in Online Ventures, USA, LLC ("Online Ventures") in their bankruptcy schedules. It is undisputed that Debtors were owners of Online Ventures USA, LLC. Debtors concede this fact in a previous deposition, and admit this allegation in their response to SPR's motion. *See* Deposition Transcript p. 238:25 - 239:2, ECF No. 53-14; Response to Statement of Material Facts ¶ 97, ECF No. 90-2. Nor do Debtors deny that ownership of this entity is not listed in Debtors' bankruptcy schedules. This omission constitutes a false oath. *See, e.g.*, *In re Elian*, 659 F. App'x 104, 106 (3d Cir. 2016) (affirming bankruptcy court's finding of false oath where debtor did not disclose assets on his initial schedules); *In re Corona*, 2010 WL 1382122, at *8 ("These omissions equate to 'false oaths' since, in failing to disclose them, the Defendant is misrepresenting the nature of her estate to creditors."); *In re Singh*, 433 B.R. 139, 154 (Bankr. E.D. Pa. 2010) (collecting cases).

### B. **Debtor's False Oath Was Made Knowingly and with Fraudulent Intent**

Omissions or false statements which are the result of an honest mistake or oversight will not be sufficient to deny debtor a discharge. *See, e.g.*, *In re Spitko*, 357 B.R. 272 (Bankr. E.D. Pa. 2006). Instead, the statute requires a knowing and fraudulent intent. Here, it is undisputed that Debtors knowingly omitted Online Ventures from their bankruptcy petition. Debtors were undeniably aware that they owned this entity—as evidenced by the fact that they closed its bank account the same day as filing the Petition. Further, in their response to SPR's motion, Debtors assert that they intentionally did not list Online Ventures in the bankruptcy petition based on advice they had received from their accountant. Therefore, the knowingly element of § 727(a)(4)(A) is satisfied, and the Court turns its inquiry to whether Debtors possessed a fraudulent intent.

In determining whether a debtor has acted with fraudulent intent, there is a substantial body of case law—including case law from within the Third Circuit Court of Appeals—affirming that fraudulent intent for purposes of §727(a)(4)(A) can be inferred from a party's conduct and circumstantial evidence. *See In re DiLoreto*, 266 F. App'x 140, 145 (3d Cir. 2008) (determining that sufficient circumstantial evidence existed to support the bankruptcy court's denial of a discharge); *Rosen v. Bezner*, 996 F.2d 1527, 1534 (3d Cir. 1993) ("A party's subjective intent can be gleaned from inferences drawn from a party's course of conduct."); *see also In re Kennedy*, 566 B.R. at 720 ("Fraudulent intent can be inferred where no reasonable explanation for the omission is provided.") (citation omitted); *Scimeca v. Umanoff*, 169 B.R. 536 (D.N.J. 1993), *aff'd sub nom. In re Scimeca*, 30 F.3d 1488 (3d Cir. 1994) (holding that for purposes of denial of discharge for making false oath, fraudulent intent can be established by circumstantial evidence or by inferences drawn from course of conduct as established by evidence); *In re Spitko*, 357 B.R at 314. The circumstances of this case lead this Court to determine that Debtors acted with such fraudulent intent.

### 1. The Bank Account

First, the circumstances regarding the bank account for Online Ventures are telling. As noted above, Debtors closed the bank account for Online Ventures the very same day that they filed their bankruptcy petition (Debtors filed their bankruptcy petition on September 2, 2014 and the TD Bank statement shows a closing date of September 2, 2014). SPR provides a copy of the closing bank statement for Online Ventures (ECF No. 53-35). Debtors do not dispute the existence of this bank account or the authenticity of the bank statement provided. Rather, in their Response to SPR's statement of undisputed material fact with regard to the bank account, Debtors simply assert their first General Objection—which challenges whether the statements were made based

on personal knowledge—and Debtors also object to the statement on the grounds of inadmissible hearsay and relevance. *See* Brief, ECF No. 90-2 at p. 15, ¶ 101. Debtors do not provide any further explanation and it is unclear to the Court how these objections would apply. Because they do not dispute the existence of Online Venture's bank account or challenge the authenticity of the bank statement provided, Debtors have not met their burden of establishing the existence of a factual dispute with respect to the bank account. Accordingly, for purposes of this Letter Opinion, the Court accepts that a bank account existed for Online Ventures, and that said bank account was closed the same day that Debtors filed their petition.

Further, Online Venture's bank account held a balance of $108.41 at the time it was closed. The fact that this entity had funds—even a small amount—directly contradicts Debtors' contention that the entity had no assets or revenue. The bank statement indicates that the entity had, at the least, a value of $108.41 at the time Debtors filed their petition for relief.

### 2. The Domain Name

Online Venture's ownership of the domain name buynowofficesupplies.com also confirms that the entity Online Ventures had value and was omitted from the petition with fraudulent intent. In its motion, SPR provides documentation indicating that the domain name buynowofficesupplies.com was registered to Online Ventures. (*See* Domain Name Search through Whois.com, ECF No. 58-13). Debtors do not dispute the veracity of the assertion that the domain name buynowofficesupplies.com was registered to Online Ventures, nor do they challenge the registration documentation beyond their boilerplate general objection regarding personal knowledge, and a bald assertion that the statement constitutes inadmissible hearsay and/or is not relevant. Again, Debtors do not explain the bases for these objections, nor do they explain how the objections apply to the statements regarding the domain name. Not only do Debtors decline to

7

dispute the contention that buynowofficesupplies.com is registered to Online Ventures, Debtors tacitly concede this fact in their Response by stating "Without waiving all objections, Debtors derive no benefit whatsoever from either the domain name (if open) or Online Ventures and have not at any time." (¶102 of Debtor's Response to SPR's Statement of Undisputed Fact).

The record further shows that the domain name buynowofficesupplies.com was subsequently used by another company: JJS Associates. (*See* Transcript of Joseph Sodano, 56:1 – 63:23, ECF No. 58-12). The domain name was then used again by yet another company, Jersey Delivery Service, LLC. (*Id.*; *see also* Registration of Alternate Name, ECF No. 58-32, which shows that Jersey Delivery Service, Inc. registered the name "Buy Now Office Supplies" as an alternate name with the Division of Revenue for the State of New Jersey). Significantly, the domain name buynowofficesupplies.com is still in use, and Jersey Delivery Service, LLC collects revenues from sales to customers previously served by entities owned and controlled by the Debtors. This continuous use by other entities flies in the face of Debtors' contention that it has no value.

In their Supplemental Brief, Debtors contend that SPR's statements regarding the value of the domain name are "conclusory" and "not supported by any evidence in the record." (ECF No. 92-3 at p. 8). The Court disagrees. The notion that a domain name has value to a business which operates online, in whole or in part, is not "conclusory"- it is undeniable. A domain name provides a means of generating revenue through an online platform. In this case, the domain name certainly had *some* value to the other companies that used it, and continues to have *some* value to the entity that currently uses it to generate revenue. Contrary to Debtors' assertions, the domain name's use by other entities is supported by evidence in the record, and the Court takes judicial notice of the fact that the buynowofficesupplies.com is presently a working website. The continuous use of the

domain name buynowofficesupplies.com—which was indisputably registered to Online Ventures—to generate revenue for subsequent companies contradicts Debtors assertions that the entity Online Ventures had no value and that it derived no benefit from the domain name.

### 3. Failure to List Online Ventures Although Debtors Listed Two Other Non-Operable, No-Value Entities

The Court also considers the other assets listed in Debtors' petition to glean Debtors' intent regarding its omission of Online Ventures. Specifically, Debtors reported owning two other entities: Cheap Office Supplies, Inc. and Advanced Office Software, LLC. (Bankruptcy Petition, Schedule B, ECF No. 10 at p. 5). In their petition, Debtors certify that neither of these entities has any value, and list $0.00 as the current value. Debtors' decision to list two entities which did not have any value casts doubt on Debtors' explanation that they declined to list Online Ventures because it did not have any value. The inconsistency begs the question of why Debtors would omit one allegedly valueless company and list two other allegedly valueless companies. Debtors do not adequately answer this question in their pleadings or elsewhere in the record. Moreover, as set forth above, it appears that the one entity they failed to list, Online Ventures, was in fact not valueless—it had funds in its bank account up until the petition date, and it owns a domain name which carries some value to this day.

### C. **Debtors' Omission was Material to this Bankruptcy Case**

The final element of a denial of a discharge under § 727(a)(4)(A) requires that a false oath be material to the administration of the bankruptcy case. In their Opposition to SPR's Motion, Debtors argue that their failure to list Online Ventures is of no consequence to SPR's underlying action. Debtors reiterate throughout their pleadings that Online Ventures was a "disregarded

9

entity" that did not have any assets and never conducted any business, and they assert that Online Ventures is not material to the bankruptcy petition.

Indeed, "'[m]atters that are so trivial in nature as to have but little effect upon the estate and upon creditors have been treated as immaterial.'" *In re Corona,* 2010 WL 1382122 at *12 (quoting *Randolph v. Somerville (In re Somerville)*, 73 B.R. 826, 835 (Bankr. E.D. Pa. 1987)). "However, claims that undisclosed assets are of little or no value, or that one has no equity in undisclosed assets will *not* excuse a debtor's omissions as immaterial." *Id.* (citing *Spitko*, 357 B.R. at 312-13). This is because the value of the asset is not determinative of its materiality to the bankruptcy case. Rather, the bankruptcy process requires that debtors make complete an accurate disclosure of assets to allow creditors to judge for themselves. A bankruptcy court in the Eastern District of Pennsylvania succinctly explained that "[d]ebtors have an absolute duty to report whatever interests they hold in property, even if they believe their assets are worthless or are unavailable to the bankruptcy estate." *In re: Sandra C. Redante*, No. 17-11550 ELF, 2018 WL 317765, at *7 (Bankr. E.D. Pa. Jan. 4, 2018) (quoting *In re Yonikus*, 974 F.2d 901, 904 (7th Cir. 1992)). Disclosure of this information "is 'at the very core of the bankruptcy process' . . . [and] . . . the integrity of the bankruptcy system depends upon a full and honest disclosure" *Id.* (quoting first *In re Colvin*, 288 B.R. 477, 481 (Bankr. E.D. Mich. 2003), then *In re Gonzalez*, 2001 WL 34076427, at *2 (Bankr. C.D. Ill. Aug. 22, 2001)). It is not left to debtors to determine an asset's materiality to the bankruptcy case, and it is not up to a debtor to determine what is worth being disclosed and what is not. *See In re Corona*, 2010 WL 1382122, at *12. Creditors cannot, and must not, be denied a full and accurate picture of a debtor's financial affairs. *In re Kennedy*, 566 B.R. at 720.

Here, the Debtors' failure to list Online Ventures in the petition hindered the creditors' ability to fully investigate and understand the Debtors' financial affairs. Indeed, an asset of Online Ventures has now been linked to ongoing business operations currently servicing Debtors' former customers. Debtors are not excused simply because they unilaterally dubbed Online Ventures a valueless, "disregarded entity." Moreover, Debtors chose to list other allegedly valueless entities in their petition and, evidently, picked and chose which entities they wanted to disclose to creditors. By doing so, creditors were denied their right to adjudge for themselves what was the Debtors' true financial condition. Finally, this Court notes that it cannot be said that Online Ventures is immaterial to the bankruptcy case in light of the fact that discovery of the entity Online Ventures led to discovery of a bank account and of ownership of a domain name.

### D. **Debtors' Alleged Reliance on Advice from Unidentified Accountant Does not Negate Fraudulent Intent**

The Court takes this opportunity to state that Debtors' alleged reliance on advice from an accountant does not negate any elements of § 727(a)(4)(A). Throughout their Opposition to SPR's motion, Debtors maintain that they intentionally did not list Online Ventures in the bankruptcy petition based on advice they received from their accountant. As discussed previously, Debtors assert that the accountant told them that Online Ventures was a "disregarded entity" that never had any assets or conducted any business and, as such, did not need to be listed on the bankruptcy petition. (Debtors' Brief, ECF No. 90-2, p. 5, ¶ 13). Although Debtors' entire defense for their failure to disclose Online Ventures is dependent on advice from an accountant, Debtors do not disclose the identity of that accountant; neither do they describe when or in what context that advice was received. It is also unusual that Debtors make the effort in their response to clarify that Helen Menyhart was not their accountant as alleged by SPR, but then stop short of providing

11

information as to who actually acted as their accountant and provided the imprudent advice. It is significant that Debtors do not attach a certification from this accountant to their response to the motion for summary judgment or otherwise provide any evidence to support their contention that they failed to disclose Online Ventures based on advice from their accountant.

For the reasons previously discussed, the Court finds that SPR has met its burden of demonstrating the absence of a genuine issue of material fact; namely, Debtors made a false oath with regard to an asset in their bankruptcy schedules. As set forth above, under the summary judgment standard, the burden now shifts and a nonmoving party must present "more than a scintilla of evidence showing that there is a genuine issue for trial." *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005) (citation omitted). Debtors may not rest on the allegations of their pleadings, but must "counter with specific facts which demonstrate that there exists a genuine issue for trial." *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996); *see also* FED. R. CIV. P. 56(c); *Rodriguez v. City of New Brunswick*, No. CV 12-4722(FLW), 2017 WL 6442097, at *9 (D.N.J. Dec. 18, 2017). Debtors have not done so. *See, e.g., Pasqua v. Cty. of Hunterdon*, No. 16-3585, 2018 WL 343746, at *5 (3d Cir. Jan. 10, 2018); *Moon v. Breathless Inc*, 868 F.3d 209, 212 (3d Cir. 2017) ("[A]ll justifiable inferences are to be drawn in [the nonmovant's] favor, but the mere existence of some evidence in support of the nonmovant is insufficient to deny a motion for summary judgment" (internal quotation marks omitted)).

Furthermore, even if the Court were to accept the "advice of the unnamed accountant" argument, the Court would still find that Debtors acted with a fraudulent intent. Debtors in this case were represented by a bankruptcy attorney. For reasons unexplained, Debtors chose not to consult their own counsel, and instead sought the advice of an accountant in preparing their bankruptcy petition. Courts have held that the "advice of counsel defense" Debtors seek to employ

12

here is only available when the advice relied upon is legal advice. *In re Nucci*, No. AP 16-1303, 2017 WL 4286561, at *2 (Bankr. D.N.J. Sept. 26, 2017) (collecting cases). Debtors have not provided any evidence indicating that this unidentified accountant was qualified to provide any sort of bankruptcy advice—legal or otherwise. Therefore, this defense is unavailable to them.

Moreover, "reckless indifference [to the truth] is sufficient to establish that [a debtor] acted knowingly and with fraudulent intent." *In Re Corona*, 2010 WL 1382122, at *11; *see also, e.g.*, *In re Elian*, 659 F. App'x 104 (3d Cir. 2016) (affirming bankruptcy court's determination that debtor had acted with at least reckless indifference to the truth, of kind sufficient to support denial of his discharge on "false oath" grounds, in failing to list numerous assets on his bankruptcy schedules); *In re Miller*, 39 F.3d 301, 305 (11th Cir.1994) ("A bankruptcy court may look to the totality of the circumstances, including the recklessness of a debtor's behavior, to infer whether a debtor submitted a statement with intent to deceive."); *In re Herchakowski*, 2013 WL 620291, at *4 (finding that debtor's "cavalier disregard for the truth equates to fraudulent intent"). Even assuming that Debtors in this case received some sort of legal advice, Debtors omission of a known asset from their bankruptcy schedules constitutes—at a minimum—reckless indifference to the truth. "[I]t is well settled that reliance upon advice of counsel is . . . no defense where it should have been evident to the debtor that the assets ought to be listed in the schedules." *In re Crest By The Sea, LLC*, 522 B.R. 540, 549 (Bankr. D.N.J. 2014) (quotations and citations omitted). Here, it should have been evident to Debtors that Online Ventures ought to be listed in the schedules. The instructions contained in Schedule B are clear and unambiguous, and Debtors executed a "Declaration Concerning Debtors' Schedules" in which they certified that they read the foregoing schedules, and in which they declared under penalty of perjury that the schedules contained accurate information. (ECF No. 10 at p. 22). Indeed, Debtors understood these directions well

13

enough to list two other allegedly valueless entities. Nevertheless, Debtors intentionally declined to list an entity which they knew they owned—the bank account for which they had closed mere hours before they filed their bankruptcy petition. In doing so, Debtors demonstrated, at the least, a reckless indifference to the truth. Even if the "advice of counsel defense" were available to them, it would not permit Debtors to play ostrich and bury their heads in the sand in an attempt to disclaim responsibility for a blatant false statement made under oath.

Any reliance on an accountant's advice to report inaccurate information in the face of the clear instructions in the petition, and without consulting their own attorney—who is specialized in bankruptcy and whom Debtors hired for the very purpose of filing a bankruptcy petition—constitutes a reckless indifference to the truth sufficient to establish that Debtors acted with fraudulent intent.

### E. Procedural Posture of the Case

Debtors take the position that SPR cannot make the requisite showing—especially at the summary judgment stage—that Debtors possessed a fraudulent intent. Debtors point out that the cases cited by SPR in support of their motion were resolved after trial, not on summary judgment. This Court considered the procedural posture of this case when making its determination and observes that other courts have determined fraudulent intent under § 727(a)(4)(A) at the summary judgment stage. *See, e.g. In re Larkin*, No. ADV 12-1809 KCF, 2015 WL 1472115 (D.N.J. Mar. 31, 2015) (affirming bankruptcy court's decision on summary judgment that debtor's false oath was knowingly and fraudulently undertaken as a matter of law); *In Re Corona*, 2010 WL 1382122 (granting summary judgment on plaintiff's § 727(a)(4)(A) claims and denying discharge).

Indeed, courts have noted an inherent problem with ascertaining fraudulent intent because, generally, the debtor (or debtors) will be the only person able to testify directly concerning his

intent, and a debtor is not likely to testify that his intent was fraudulent. *See In re Spitko*, 357 B.R. at 314. Consequently, courts may determine intent from the facts and circumstances of the case. For the reasons discussed, the Court finds that the circumstances of this case indicate that Debtors possessed a fraudulent intent and that SPR has satisfied its burden on summary judgment. In their opposition, Debtors do not demonstrate the existence of a genuine dispute for trial with respect to this issue; therefore summary judgment is appropriate.

### IV. Conclusion

For the foregoing reasons, the Court finds that Debtors made a false oath about a fact material to the bankruptcy case, and that false oath was made knowingly and with fraudulent intent. Accordingly, all elements of § 727(a)(4)(A) have been satisfied and denial of discharge is warranted. The Court will enter an Order granting SPR's motion for summary judgment on count one of the Complaint, denying Debtors' Cross Motion for Summary Judgment (ECF No. 92), and terminating the adversary proceeding.

Dated: January 16, 2018

Honorable Michael B. Kaplan
United States Bankruptcy Judge